## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-01111 MMM (CWx) | Date | March 16, 2011 |
|---|---|---|---|

| Title | *Padilla, et al. v. Enterprise Rent-A-Car Company of Los Angeles, LLC, et al.* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       **Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Vincente Padilla and Martha Padilla, citizens and residents of Mexico, filed this action on February 4, 2008 against defendants Enterprise Rent-A-Car Company of Los Angeles, LLC ("Enterprise"); Ean Holdings, LLC ("Ean Holdings"); Scott F. Mojonnier, a resident of California; and certain fictitious defendants.[1]  They allege claims for negligence, negligence per se, negligent entrustment, and loss of consortium.[2]

### II.  DISCUSSION

Plaintiffs assert that the court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship.  District courts have original jurisdiction of civil actions, *inter alia*, where the matter in controversy exceeds $75,000 and is between citizens of a state and citizens of a foreign country.  See 28 U.S.C. § 1332(a).  In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants.  See

---

[1]Complaint, Docket No. 1 (Feb. 4, 2011).

[2]*Id.*

*Strawbridge v. Curtis*, 7 U.S. 267 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996).  Under under 28 U.S.C. § 1332(a)(2), an alien may sue a citizen of a state of the United States in federal court; if both plaintiffs and defendants are aliens, however, there is no jurisdiction over the controversy.  *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992) ("Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants").

The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction.  See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits that treats LLCs like partnerships).  Thus, "an LLC is a citizen of every state of which its owners/members are citizens."  *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

Plaintiffs alleges that Enterprise is a Delaware limited liability company doing business in Los Angeles, California.[3]  They also allege that Ean Holdings is a Delaware limited liability company doing business in Los Angeles, California.[4]  To invoke the court's diversity jurisdiction, there must be complete diversity between all plaintiffs and all defendant LLC members.  The complaint does not allege the citizenship of the members of either Enterprise or Ean Holdings.  As a result, the court is unable to determine whether the complete diversity requirement is met.

## III.  CONCLUSION

The court is under a *sua sponte* duty to examine its own jurisdiction, and cannot grant relief where jurisdiction is not present.  *United States v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002) ("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction," citing *Marbury v. Madison*, 5 U.S. 137, 173-74 (1803)).  Consequently, the court directs plaintiffs to show cause in writing, on or before **March 25, 2010**, why it should not dismiss the action for lack of subject matter jurisdiction. Plaintiffs' response must demonstrate that there is complete diversity of citizenship between plaintiffs and all members of Enterprise and Ean Holdings to establish that the court has jurisdiction to hear the action under 28 U.S.C. § 1332.

---

[3]*Id.*, ¶ 5.

[4]*Id.*, ¶ 6.